**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA**

**DARRELL LAW,**

        **Plaintiff,**

v.                                                                                                         **Civil Action No. 3:06cv96
(Judge Stamp)**

**ZELDA WESLEY, Assistant United States
Attorney; RITA VALDRINI, Acting United
States Attorney; THOMAS E. JOHNSTON,
Former United States Attorney; JOHN S. KAULL,
United States Magistrate Judge; IRENE M. KEELEY,
United States District Judge; JO JO ANTOLOCK,
WV State Police;**

        **Defendants.**

**REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION FOR INJUNCTIVE RELIEF**

On September 18, 2006, the <u>pro se</u> plaintiff initiated this case by filing a civil rights complaint against the above-named defendants. Upon a preliminary review of the complaint on October 31, 2006, the undersigned determined that Plaintiff's complaint raised the following grounds for relief: (1) Plaintiffs' constitutional rights were violated when Zelda Wesley, Rita Valdrini and Thomas Johnston made the decision to file charges against him; (2) when Magistrate Judge John S. Kaull determined that he was a danger to the community; (3) when District Judge Irene M. Keeley determined that he was a flight risk; and (4) when he was forced to sleep on the floor or was placed in lock-up while incarcerated at the regional jail.

On that same date, I then issued a Report and Recommendation ("R&R") in which it was recommended that Plaintiff's complaint be dismissed because: (1) his claims were insufficiently pled; (2) Wesley, Valdrini and Johnston were entitled to absolute prosecutorial immunity; (3) Judge

Keeley and Magistrate Judge Kaull were entitled to absolute judicial immunity; (4) Plaintiff failed to make any allegations against Defendant Jo Jo Antolock; and (5) Plaintiff failed to name any defendant responsible for the alleged violations of his constitutional rights with regard to the conditions of his confinement. Plaintiff filed objections to the R&R on November 13, 2006 and the R&R is ripe for review by the assigned District Judge.[1] This case is now before the undersigned for a report and recommendation on Plaintiff's Motion for Injunctive Relief filed on February 13, 2007.

In his motion for injunctive relief, Plaintiff seeks an Order from the Court releasing him from the custody of the West Virginia Regional Jail Authority. In support of his motion, Plaintiff asserts that he is entitled to release because his current confinement is unlawful as set forth in the complaint. In his motion, Plaintiff also reiterates the claims raised in the complaint and attempts to show why his claims have merit despite my findings in the R&R issued on October 31, 2006.

The standard for granting injunctive relief in this Court is the balancing-of-hardship analysis set forth in <u>Blackwelder Furniture Co. v. Seilig Mfg. Co.</u>, 550 F.2d 189 (4th Cir. 1977). In making this analysis, the Court must consider the following four factors:

    (1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied,

    (2) the likelihood of harm to the defendant if the requested relief is granted,

    (3) the likelihood that the plaintiff will succeed on the merits, and

---

[1] This case was originally assigned to the late W. Craig Broadwater, United States District Judge. However, following Judge Broadwater's death in December 2006, the case was reassigned to Judge Keeley pursuant to an Order of this Court. <u>See</u> dckt. 27. Because she is named as a defendant in this action, Judge Keeley recused herself on January 17, 2007 and the case was reassigned to the Honorable Frederick P. Stamp, Jr.

(4) the public interest.

<u>Direx Israel, Ltd v. Breakthrough Medical Corp.</u>, 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). The "[p]laintiff bears the burden of establishing that each of these factors supports granting the injunction." <u>Id.</u> (citation omitted).

A court will not grant a preliminary injunction unless the plaintiff first makes a "clear showing" that he will suffer irreparable injury without it. <u>Id.</u> The required harm "must be neither remote nor speculative, but actual and imminent." <u>Id.</u> (citations and internal quotation omitted). If such harm is demonstrated, the court must balance the likelihood of harm to the plaintiff if an injunction is not granted and the likelihood of harm to the defendant if it is granted. <u>Id.</u> (citation omitted). If the balance of those two factors "'tips decidedly' in favor of the plaintiff, a preliminary injunction will be granted if the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them fair ground for litigation and thus for more deliberate investigation." <u>Rum Creek Coal Sales, Inc. v. Caperton</u>, 926 F.2d 353, 359 (4th Cir. 1991) (citations omitted). However, "[a]s the balance tips away from the plaintiff, a stronger showing on the merits is required." <u>Id.</u> (citation omitted).

In his case, it is clear that Petitioner would suffer irreparable injury if in fact his custody was illegal. Moreover, such injury would outweigh any harm to the defendants. However, as stated in the R&R of October 31, 2006, Plaintiff has failed to show that his custody is illegal. Thus, there is no chance that Petitioner will succeed on the merits of his claims and his Motion for Injunctive Relief (dckt. 29) must be DENIED.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to

3

which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge for the Northern District of West Virginia. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied,</u> 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff.

DATED: March 1, 2007.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE