IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**DARRELL LAW,**

        Petitioner,

v.                                              CIVIL ACTION NO. 3:06-CV-96
                                              (BAILEY)

**ZELDA WESLEY, Assistant United States
Attorney; RITA VALDRINI, Acting United
States Attorney; THOMAS E. JOHNSTON,
Former United States Attorney; JOHN S. KAULL,
United States Magistrate Judge; IRENE M. KEELEY,
United States District Judge; JO JO ANTOLOCK,
WV State Police,**

        Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

### Introduction

On this day, the above-styled matter came before the Court for consideration of the Reports and Recommendations [Doc. 18 & 33] of United States Magistrate Judge James E. Seibert. By Standing Order entered on March 24, 2000, this action was referred to Magistrate Judge Seibert for submission of proposed report and a recommendation ["R & R"]. Magistrate Judge Seibert filed his R & R's on October 31, 2006 [Doc. 18], and again on March 1, 2007 [Doc. 33]. In those filings, the magistrate judge recommended that this Court deny the petitioner's Motion for Injunctive Relief [Doc. 29] and to dismiss this civil rights complaint from the Court's docket.

The petitioner filed objections to both R & R's, one on November 13, 2006 [Doc. 22], the other on March 19, 2007 [Doc. 36]. Pursuant to 28 U.S.C. § 636 (b) (1) (c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo*

or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Accordingly, this Court will conduct a *de novo* review only as to the portions of the report and recommendation to which the petitioner objected. The remaining portions of the report and recommendation to which the petitioner did not object will be reviewed for clear error.

## Factual and Procedural Background

On September 18, 2006, the *pro se* plaintiff initiated this case by filing a civil rights complaint [Doc. 1] against the above-named defendants. In his October 31, 2006, R & R [Doc. 18], Magistrate Judge Seibert determined that the plaintiff's complaint raised the following grounds for relief: (1) The plaintiffs' constitutional rights were violated when Zelda Wesley, Rita Valdrini and Thomas Johnston made the decision to file charges against him; (2) when Magistrate Judge John S. Kaull determined that he was a danger to the community; (3) when District Judge Irene M. Keeley determined that he was a flight risk; and (4) when he was forced to sleep on the floor or was placed in lock-up while incarcerated at the regional jail.

In his first R & R [Doc. 18], the magistrate judge recommended that the plaintiff's complaint be dismissed because: (1) his claims were insufficiently pled; (2) Wesley, Valdrini and Johnston were entitled to absolute prosecutorial immunity; (3) Judge Keely and Magistrate Judge Kaull were entitled to absolute judicial immunity; (4) the plaintiff failed to make any allegations against defendant Jo Jo Antolock; and (5) the plaintiff failed to name any defendant responsible for the alleged violations of his constitutional rights with regard to the conditions of his confinement. This case is now before the Court for

consideration of both the *pro se* plaintiff's civil rights Complaint [Doc. 1] and the plaintiff's Motion for Injunctive Relief [Doc. 29].

## Analysis

In his Motion for Injunctive Relief [Doc. 29], the plaintiff seeks an Order from this Court releasing him from the custody of the West Virginia Regional Jail Authority. In support of his Motion, the plaintiff asserts that he is entitled to release because his current confinement is unlawful as set forth in the Complaint [Doc. 1]. In his motion, the plaintiff also reiterates the claims raised in the Complaint and attempts to show why his claims have merit despite the findings in the R & R [Doc. 18] issued on October 31, 2006.

The standard for granting injunctive relief in this Court is the balancing-of-hardship analysis set forth in **Blackwelder Furniture Co. v. Seilig Mfg. Co.**, 550 F.2d 189 (4th Cir. 1977). In making this analysis, the Court must consider the following four factors: (1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied, (2) the likelihood of harm to the defendant if the requested relief is granted, (3) the likelihood that the plaintiff will succeed on the merits, and (4) the public interest. **Direx Israel, Ltd v. Breakthrough Medical Corp.**, 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). Further, the "[p]laintiff bears the burden of establishing that each of these factors supports granting the injunction." *Id.* (citation omitted).

A court will not grant a preliminary injunction unless the plaintiff first makes a "clear showing" that he will suffer irreparable injury without it. *Id.* The required harm "must be neither remote nor speculative, but actual and imminent." *Id.* (citations and internal quotation omitted). If such harm is demonstrated, the court must balance the likelihood of harm to the plaintiff if an injunction is not granted and the likelihood of harm to the

defendant if it is granted. *Id.* (citation omitted). If the balance of those two factors "'tips decidedly' in favor of the plaintiff, a preliminary injunction will be granted if the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them fair ground for litigation and thus for more deliberate investigation." ***Rum Creek Coal Sales, Inc. v. Caperton***, 926 F.2d 353, 359 (4th Cir. 1991) (citations omitted). However, "[a]s the balance tips away from the plaintiff, a stronger showing on the merits is required." *Id.* (citation omitted).

In his case, it is clear that the petitioner would suffer irreparable injury if in fact his custody was illegal. Moreover, such injury would outweigh any harm to the defendants. However, as analyzed in the October 31, 2006, R & R [Doc. 18], the plaintiff has failed to show that his custody is illegal. Thus, there is no chance that the petitioner will succeed on the merits of his claims, and his Motion for Injunctive Relief [Doc. 29] is fruitless.

## Conclusion

Based on the foregoing, it is the opinion of this Court that the Magistrate Judge's Reports and Recommendations [Doc. 18 & 33] should be, and are, hereby **ORDERED ADOPTED**. Accordingly, the Court hereby **DENIES** the petitioner's Motion for Injunctive Relief [Doc. 29] and **DISMISSES WITH PREJUDICE** this matter from the Court's docket.

The Clerk is directed to mail a certified copy of this Order to all counsel of record, the plaintiff, *pro se*, and Magistrate Judge Seibert.

**DATED:** May 30, 2007.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE